UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re: DONALD M. CAPUTO and TRACY L. CAPUTO

                                  Debtors.
_____/   CIVIL CASE NO. 05-40171
                                                     BANK. CASE NO. 04-63197

GIGLIOTTI & ASSOCIATES, P.L.L.C.,

                                  Appellant,   HONORABLE PAUL V. GADOLA
v.                                                    U.S. DISTRICT COURT

ESTATE OF DONALD M. and TRACY L. CAPUTO,

                                  Appellees.
_____/

**ORDER AFFIRMING BANKRUPTCY COURT**

      Before the Court the appeal of Gigliotti & Associates, PLLC, from the Bankruptcy Court's order issued May 20, 2005. Appellant seeks reversal of the Bankruptcy Court's fee reduction of $2,811.56. For the reasons stated below, this Court will dismiss Appellant's appeal and affirm the Bankruptcy Court's order.

      Appellant filed a fee application with the Bankruptcy Court on February 25, 2005. The Chapter 13 Trustee timely filed objections to Appellant's application for fees and costs and a hearing was set to discuss the matter. After the hearing on the merits the Bankruptcy Court issued an order on May 20, 2005 reducing the amount of fees and costs, pursuant to 11 U.S.C. § 330.

      A bankruptcy court's order concerning attorney fees under 11 U.S.C. § 330 is reviewed under an abuse of discretion standard. *See In re Boddy,* 950 F.2d 224, 336 (6th Cir. 1991). "An abuse of discretion occurs in this context if the bankruptcy judge fails to apply the proper legal standard or to follow the proper procedures in making the determination, or bases an award upon

findings of fact that are clearly erroneous." *In re Kula,* 213 B.R. 729, 735 (8th Cir. 1997). Likewise, the Sixth Circuit has held that in determining reasonable compensation under § 330, bankruptcy courts are to apply the "loadstar" method. To calculate the loadstar amount, the Court multiplies the attorney's reasonable hourly rate by the number of hours reasonably expended. *See In re Boddy,* 950 F.2d at 337. In this case, the Bankruptcy Court did engage in the loadstar analysis and found Appellant's fee application request "excessive." It appears that Appellant's argument is supported only by dated recording of time spent on the Chapter 13 bankruptcy. Although the Bankruptcy Court's opinion does not appear to detail, specifically, why it reduced certain dated entries, it does specify that it applied the loadstar method and reviewed the appropriate factors in determining whether to grant or reduce the fees. Some of those factors included whether this was a routine Chapter 13 bankruptcy case, whether the time spent on a particular activity was reasonable, and whether the amount of compensation was reasonable under the circumstances.

After utilizing the loadstar method, the Bankruptcy Court did nothing more than exercise its discretion under § 330 and did not abuse its discretion by reducing Appellant's attorney fees. The Bankruptcy Court applied the proper legal standard, followed the proper procedures, and did not base the award upon findings of fact that are clearly erroneous**.**

**ACCORDINGLY, IT IS HEREBY ORDERED** that the May 20, 2005 decision of the Bankruptcy Court is **AFFIRMED,** and this appeal is **DISMISSED.**

**SO ORDERED.**

Dated:     March 29, 2006               s/Paul V. Gadola
                                        HONORABLE PAUL V. GADOLA
                                        UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   March 29, 2006  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
                                                                                                                                              , and
I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:    Antonia M. Skatikat; David W. Ruskin           .

                                                                  s/Ruth A. Brissaud
                                                                  Ruth A. Brissaud, Case Manager
                                                                  (810) 341-7845

3